**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frederick King, Jr., | No. CV-23-01962-PHX-KML |
| Petitioner, | **ORDER** |
| v. | |
| Ryan Thornell, et al., | |
| Respondents. | |

In 2003, petitioner Frederick King, Jr., was convicted in state court of first-degree felony murder, two counts of attempted second degree murder, and attempted robbery. After King pursued a direct appeal and multiple rounds of post-conviction relief in state court, in 2014 he filed a habeas corpus petition in federal court. That petition was denied in 2015 as untimely and King did not seek a certificate of appealability. King filed a second federal petition for habeas corpus in 2023. Magistrate Judge Michael T. Morrissey issued a Report and Recommendation ("R&R") finding King had filed a second or successive habeas petition not authorized by the court of appeals.[1] (Doc. 16 at 8.) King filed objections.

A district judge "may accept, reject, or modify, in whole or in part, the findings or

---

[1] King sought permission from the Ninth Circuit to file a second or successive petition raising the same arguments he made in his petition here. Motion for Leave to File a "Second or Successive" Petition, *King v. Thornell*, No. 23-2294 (9th Cir. Sept. 18, 2023). The Ninth Circuit denied King's request. *King v. Thornell*, No. 23-2294 (9th Cir. Dec. 14, 2023).

recommendations made by the magistrate judge." 28 U.S.C. § 636(b). The district court must review de novo the portions to which an objection is made. *Id.* The district court need not, however, review the portions to which no objection is made. *See Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("[D]e novo review of factual and legal issues is required if objections are made, but not otherwise.") (quotation marks and citation omitted).

King objects to the R&R, arguing his petition is not second or successive for two main reasons.

First, according to King, "[a] dismissal for untimeliness presents a permanent and incurable bar to a factual review of the *underlying* claims" but there is no authority "on whether a second petition filed after the first petition, which does not seek to review claims previously presented in a habeas petition, is considered 'second' or 'successive.'" (Doc. 17 at 3.) That is incorrect. "[D]ismissal of a habeas petition as untimely constitutes a disposition on the merits and . . . a further petition challenging the same conviction would be 'second or successive.'" *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009).

Second, King argues the Arizona Supreme Court's 2022 denial of his sixth petition for review constitutes an intervening judgment permitting him to file a petition now. (Doc. 17 at 2–3.) But "[a] habeas petition is second or successive . . . if it raises claims that were *or could have been* adjudicated on the merits." *Id.* (emphasis added). Put differently, "[a] later-filed petition is precluded as second or successive . . . if the claim it raises was ripe and could have been brought in the prisoner's prior petition challenging the same judgment." *Creech v. Richardson*, 94 F.4th 847, 849 (9th Cir. 2024). The claim in the current later-filed petition, which is premised on a change in Arizona law that went into effect in 2006, could have been brought in King's first federal petition in 2014. Therefore, the R&R is correct that the current petition is an unauthorized second or successive petition.

**IT IS ORDERED** the Report and Recommendation (Doc. 16) is **ADOPTED**. The petition for a writ of habeas corpus (Doc. 1) is **DENIED**. The Clerk of Court shall enter a

judgment of dismissal without prejudice.

**IT IS FURTHER ORDERED** a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because the dismissal of the petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

Dated this 2nd day of January, 2025.

_____
Honorable Krissa M. Lanham
United States District Judge